UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DESIREE OLAECHEA,

                         Plaintiff,

  -against-

                                                      **24-CV-**

BRENTWOOD UNION FREE SCHOOL
DISTRICT,

                         Defendant,
------------------------------------------------------------X

      The Plaintiff DESIREE OLAECHEA by her attorneys, STEWART LEE KARLIN LAW GROUP, P.C., complaining of Defendant, BRENTWOOD UNION FREE SCHOOL DISTRICT, alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matter, as follows:

## NATURE OF THE CLAIM

1. This is a civil action based upon Defendant's violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 and the New York State Executive Law by discriminating and retaliating against Plaintiff due to her disability and perceived disability.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Defendant pursuant to 42 U.S.C § 12101 et seq. Plaintiff has commenced this action pursuant to the ADA and the New York State Human Rights Law. Plaintiff duly filed a formal complaint with the EEOC and a notice of right to sue letter were issued. This case was commenced within 90 days of receipt conferring jurisdiction on this Court. The Court has concurrent (supplemental) jurisdiction over the state law claims.

1

3. This action properly lies in the Eastern District of New York, pursuant to 28. U.S.C. 1391(b), because the claim arose in this District and because the unlawful employment practice was committed in this District.

## PARTIES

4. At all times hereinafter mentioned, Plaintiff DESIREE OLAECHEA ("Plaintiff" or "Ms. Olaechea"),was and still is a resident of the State of New York, County of Suffolk.

5. Plaintiff at all relevant times was employed as a teacher by Defendant Brentwood. The plaintiff has a disability and perceived disability (severe back pain and has undergone a spinal fusion and numerous procedures on her injured back; anxiety and depression; and asthma) Plaintiff disabilities have impacted major life activities. Plaintiff has a physical and mental impairment that substantially limits one or more major life activities, has a record of such an impairment and is regarded as having such an impairment.

6. Plaintiff also participated in protected activity pursuant to the ADA.

7. Defendant Brentwood is charged by law with responsibility for the operation, management and control of the Brentwood, NY public education and is within the jurisdiction of this Court.

8. At all times hereinafter mentioned, Defendant DOE is an employer within the meaning of the ADA and the NYSHRL.

## FACTUAL ALLEGATIONS

9. Plaintiff has been employed as a teacher with the Brentwood Union Free School District ("Brentwood") since September 2004. At all times, Plaintiff has performed her duties in an exemplary manner.

10. During her employment, Plaintiff has been subjected to discrimination based on her

disability and in retaliation for her previous accommodation requests and complaints of discrimination.

11. Plaintiff has severe back pain and has undergone a spinal fusion and numerous procedures on her injured back. Due to the treatment from Brentwood during the course of her employment, Plaintiff also suffers from a mental disability, diagnosed as anxiety and depression. Plaintiff also suffers from the disability of asthma. As a result, Plaintiff has been declared disabled by New York State SSDI due to both her back and mental health.

12. Plaintiff was discriminated against for approximately seven to eight years and sought a transfer due to the hostile work environment. Plaintiff was initially denied her transfer requests. Upon her return from medical leave in September 2019, she was transferred to Southwest Elementary School. Brentwood transferred her belongings in a disrespectful and undistinguished manner, with multiple items missing, and some items, including her deceased uncle's photograph, damaged. Plaintiff complained to the administration regarding this treatment, but no action was taken.

13. During the 2019-2020 school year Plaintiff again took a medical leave due to her back and mental health. Plaintiff was replaced with a permanent substitute teacher, Ms. Parker. Upon Claimant's return, Ms. Parker stated, "why are you here, if you have a disability go home?" Ms. Parker made this comment in front of all Claimant's kindergarten students. Ms. Parker continued that it was now her job, and that the bilingual department told her that Plaintiff was never coming back and that she was the new teacher. Ms. Parker continued that she was surprised because she was told Plaintiff had resigned. Plaintiff again complained to the administration regarding this treatment, but no action was taken.

14. Plaintiff returned to Brentwood's Southwest Elementary School from April 2020 through June 2022. Plaintiff was placed in a small room in the upstairs of the building with no air conditioning, which exacerbated her disabilities. Brentwood was on notice that Plaintiff was returning from a thoracic spinal fusion and also needed an air conditioner, as documented by her physician, due to her asthma and anxiety.

15. Plaintiff was also assigned to job duties that required heavy lifting and bending, as she was assigned to testing and screening new entrants to kindergarten. The claimant's physical condition resulted in parents having to assist her during these screenings.

16. Plaintiff repeatedly put Brentwood on notice of this treatment, and her need for accommodations due to her disabilities, yet no action was taken. Plaintiff made her accommodation requests to the district and her school administration in writing and verbally. Despite an accommodation being in place by Brentwood, Plaintiff was not being provided with these accommodations at her school.

17. The failure to accommodate, discrimination, and retaliation continued in the 2022-2023 school year by Brentwood against Claimant. This treatment caused the Claimant's condition to worsen, as she was in severe back pain and suffering from anxiety and depression. Plaintiff continued to be assigned to job duties that involved lifting and travelling up and down the stairs. Her physical condition was obvious to the point that her young students took notice.

18. In January 2023, Plaintiff provided a doctor's letter to Brentwood requesting that she not be using the stairs, and not bending, lifting, sitting on hard surfers, and she also be provided with breaks. Brentwood again failed to accommodate Claimant.

19. Plaintiff had previously complained of discrimination, in addition to Brentwood as

described above, to the EEOC and New York State Division of Human Rights.

20. Following the filing of her initial charge of discrimination, Plaintiff was subjected to continued discrimination and retaliation due to her protected activity. Plaintiff's repeated request for accommodations were ignored. Plaintiff was bullied, harassed, embarrassed, humiliated, made fun of by a staff member, given extra job duties, subjected to microscopic scrutiny, and subjected to false allegations of poor job performance by the administration in front of other staff members.

21. For the 2023-2024 school year, Plaintiff has been assigned a more difficult and demanding position than she requested, in violation of her seniority rights with the District.

22. Plaintiff has applied for numerous posted positions with the Defendant, including administrative positions for which she is qualified. (including but not limited to Assistant Principal- August 2024) Plaintiff's applications have gone unresponded to, she has not been interviewed for these positions, and upon information and belief these positions have been filled by individuals that are less qualified than her.

23. Plaintiff has still not been provided with the full reasonable accommodations requested by her for the 2024-2025 school year.

24. In further retaliation, Defendant has required Plaintiff to undergo a psychiatric evaluation on August, 23, 2024, just days prior to the start of the school year.

25. Plaintiff was issued a right to sue letter by the EEOC and has commenced this action within the prescribed time limit.

### AS AND FOR A FIRST CLAIM FOR RELIEF-ADA- DISCRIMINATION

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with

5

the same force and effect as if more fully set forth herein.

27.   Plaintiff is an employee within the meaning of the Americans with Disabilities Act 42 U.S.C. 12112.

28.   Plaintiff has a disability within the meaning of the ADA.

29.   Defendant is an employer within the meaning of the ADA.

30.   Defendant violated the ADA by subjecting Plaintiff to disparate treatment, a hostile work environment, and discriminatory treatment due to her disability and perceived disability.

31.   As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon her disability, and perceived disability discrimination in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## ADA-REASONABLE ACCOMMODATION

32.   Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33.   Plaintiff, despite her disability, with a reasonable accommodation, is capable of performing the essential functions of her job.

34.   Plaintiff requested from Defendant a reasonable accommodation and Defendant failed to reasonably accommodate Plaintiff, even though Plaintiff provided proper medical documentation.

35.   Reasonably accommodating Plaintiff would not have been an undue hardship on Defendant. Plaintiff would have been able to perform the essential functions of her position with the accommodation.

36.   Defendant refused to enter into an interactive process of negotiation in violation of the ADA.

37. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

38. As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon a failure to accommodate in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

## AS AND FOR A THIRD CLAIM FOR RELIEF- ADA RETALIATION

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. Plaintiff engaged in protected activity as defined by the ADA as delineated above.

41. Defendant retaliated against Plaintiff because of her complaints regarding his opposition to discrimination.

42. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

43. As a result of the willful activities of Defendant, Plaintiff has been deprived of equal employment opportunities based upon retaliation in violation of the Americans with Disabilities Act.

## AS AND FOR AN FOURTH CLAIM FOR RELIEF- NYS EXECUTIVE LAW- DISCRIMINATION

44. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. As a result of the foregoing, defendants violated Executive Law § 296 by subjecting plaintiff to discrimination (hostile work environment and disparate treatment) based on her disability and perceived disability. As a result of defendant violating the Executive Law plaintiff

has been damaged.

## AS AND FOR A FIFTH FOR RELIEF
## NYS EXECUTIVE LAW-RETALIATON

46. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. As a result of the foregoing, defendant violated Executive Law § 296 by subjecting plaintiff (hostile work environment and disparate treatment) to a retaliation. As a result of defendants violating the Executive Law, plaintiff has been damaged.

## AS AND FOR A SIXTH FOR RELIEF
## NYS EXECUTIVE LAW-ACCOMMODATION

48. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. As a result of the foregoing, defendants violated Executive Law § 296 by failing to reasonably accommodate plaintiff. As a result of defendant violating the Executive Law, plaintiff has been damaged.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury of all issues and claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Compensatory damages including but not limited to back pay, lost wages and benefits, and emotional distress;

2. Damages to Plaintiff's reputation;

3. Other damages including restoration of lost benefits;

      4.      Attorney fees and costs, cannot yet be determined.

Dated: New York, New York
       August 25, 2024                      **STEWART LEE KARLIN**
                                               **LAW GROUP, P.C.**

/s/ Daniel Edward Dugan

DANIEL EDWARD DUGAN, ESQ.
STEWART LEE KARLIN, ESQ.
*Attorney for Plaintiffs*
111 John Street, 22nd Floor
New York, NY 10022
T: (212) 792-9670
F: (844) 636-1021
Dan@stewartkarlin.com